UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA N.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 25-cv-07777-RFL<br>**ORDER REVERSING AND REMANDING SOCIAL SECURITY COMMISSIONER'S DECISION**<br>Re: Dkt. Nos. 15, 20 |

Plaintiff Natasha N. appeals from a final decision of the Commissioner of Social Security, who denied her application for disability insurance benefits. For the reasons set forth below, Natashas's motion for summary judgment is **GRANTED**, the Commissioner's cross-motion for summary judgment is **DENIED**, and the decision of the Commissioner is **REVERSED** is **REMANDED** for further administrative proceedings. This order assumes the reader's familiarity with the Administrative Record, including the findings of the administrative law judge ("ALJ"); the parties' arguments; and the applicable legal standards. [1]

***The ALJ erred in evaluating Plaintiff's substance use.*** Because Plaintiff has a substance use disorder, the ALJ was required to follow a specific set of procedures to determine whether drug and alcohol addiction ("DAA") was "a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a); *see* AR 21. These procedures unfold in

[1] The Administrative Record ("AR") is available at Dkt. No. 12. All citations to page numbers in filings on the docket, with the exception of citations to the Administrative Record, refer to ECF page numbers.

two stages. First, the ALJ must conduct the standard five-step sequential inquiry "without separating out the impact of alcoholism or drug addiction." *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001); *see also* 20 C.F.R. § 416.920(a). An ALJ commits reversible legal error if they "determine that a claimant's mental impairments are 'the product and consequence of his [DAA]' prior to making a determination that the claimant is disabled under the five-step inquiry." *Id.* at 955–56. At the first stage, the ALJ must therefore decide only if the claimant's impairments—including their DAA—are disabling. The ALJ should not "evaluate[] the role of" the claimant's DAA in this stage. *Jarvis v. Berryhill*, 722 F. App'x 616, 619 (9th Cir. 2018). If the ALJ determines that the claimant is not disabled when considering all their impairments, including DAA, then the inquiry ends and the ALJ does not move onto stage two. *Bustamante*, 252 F.3d at 955.

If the ALJ determines that the claimant is disabled at stage one, then the ALJ must determine whether the claimant's DAA is a "contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935. Materiality is determined through a six-step "DAA Evaluation Process." Social Security Ruling 13-2p.; Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (DAA), 2013 WL 621536, at *4 (Feb. 20, 2013) ("SSR 13-2p"). Under this Process, the ALJ must "evaluate which of [the claimant's] current physical and mental limitations . . . would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). It is the claimant's burden to prove "that his substance abuse is not a material contributing factor to his disability" at this stage. *Id.* at 744–45. Where the claimant has co-occurring physical impairments, the ALJ may "rely exclusively on medical expertise and the nature of a claimant's [physical] disorder" in making this assessment. SSR 13-2p, 2013 WL

621536, at *9. But where the claimant has a co-occurring mental disorder, the ALJ cannot "rely exclusively on the nature of a claimant's mental disorder in finding DAA materiality," and must "explain the rationale supporting a materiality finding so that a subsequent reviewer can determine whether the rationale meets legal requirements and is supported by substantial evidence." *Albert B. v. Kijakazi*, No. 5:22-CV-00865-EJD, 2023 WL 6462856, at *4 (N.D. Cal. Sept. 29, 2023) (citing SSR 13-2, 2013 WL 621536, at *9).

The ALJ failed to follow this process here. Instead of analyzing the materiality of Plaintiff's DAA, the ALJ collapsed the DAA analysis into his primary inquiry and used the fact of Plaintiff's substance use to discount medical opinions and evidence. First, the ALJ found Dr. LaGue's opinion to be unpersuasive, at least partially because Dr. LaGue "failed to consider the effect of any substance abuse on the claimant's potential limitations." (AR 27). But the ALJ should not have assessed whether Dr. LaGue considered the effect of Plaintiff's substance abuse at this stage because the effect of substance abuse should only be assessed at stage two. *See Jarvis*, 722 F. App'x at 619 ("If—and only if—the ALJ found Jarvis was disabled under the five-step inquiry, should the ALJ have evaluated the role of Jarvis' alcohol dependency, if any, in establishing the limitations Drs. Lacy and Canty identified."). An ALJ may consider the claimant's consistency in disclosing their drug use when assessing medical opinions. *See Badger v. King*, No. 23-2803, 2025 WL 400035, at *1 (9th Cir. Feb. 5, 2025). But the ALJ did not merely consider the consistency of Plaintiff's disclosures here; he instead discounted the entire opinion based in part on its lack of substance abuse information. The ALJ thus "erred by rejecting Dr. [LaGue's] conclusions in their entirety, implicitly reasoning that they were unreliable because Dr. [LaGue] was unable to assess the effect of [Plaintiff's substance] dependency on [her] mental state and, therefore, [her] limitations." *Jarvis*, 722 F. App'x at 619.

The ALJ erred similarly in assessing Dr. Chandler's opinion. The ALJ stated, "While Dr. Chandler found that the claimant's affect was restricted and her mood was markedly dysphoric with compromised insight and judgment, she further noted that the claimant appeared to be under the influence of some substance," and that "the claimant appeared to be under the influence

during the evaluation, calling into question the accuracy of the findings made by Dr. Chandler." (AR 27–28). Once again, Plaintiff's substance use should not have been used to assess the accuracy of Dr. Chander's limitation findings. Instead, the role of her DAA should have been evaluated only if the ALJ found that Plaintiff was disabled when considering all her impairments including DAA. *See Esslinger v. Astrue*, 479 F. App'x 59, 60 (9th Cir. 2012) ("Finally, substantial evidence does not support the ALJ's assessment of Esslinger's mental [residual functional capacity] because the ALJ improperly discounted the severity of Esslinger's mental health issues due to substance abuse.").

It also appears that the ALJ improperly discounted Plaintiff's symptoms based on her substance use. For example, the ALJ wrote that in June 2023, Plaintiff "endorsed significant depression and the desire to be put on Wellbutrin. However, in addition to depressive symptoms, she endorsed marijuana, methamphetamine and alcohol use." (AR 26.) As with the medical opinions, the effect of Plaintiff's substance use on her mental impairments should only have been assessed at stage two, not in determining whether she was disabled at the first stage.

The Commissioner argues that the ALJ did not err because the materiality assessment is only required if the claimant is found to be disabled at the first stage. This is true, but is premised on the ALJ appropriately conducting the first phase inquiry. The ALJ here did not find Plaintiff disabled at the first stage because he inappropriately collapsed the DAA analysis and discredited evidence based on Plaintiff's substance use. "*Bustamante* does not require ALJs to omit *any* discussion of drug use before reaching a finding of disability." *Badger v. King*, 2025 WL 400035, at *1. But *Bustamante* does require ALJs to make the full five-part inquiry "without separating out the impact of alcoholism or drug addiction." *Bustamante*, 262 F.3d at 955. This is not a situation where the ALJ merely found that Plaintiff's "nondisclosure of drug use made it harder for doctors to accurately diagnose" her. *Badger*, 2025 WL 400035, at *1. The ALJ improperly discredited the opinions of two evaluating doctors and discounted the

severity of Plaintiff's symptoms based on Plaintiff's substance use. That is legal error.[2] *See A.S. v. Saul*, No. 20-CV-00281-JCS, 2021 WL 1087473, at *20 (N.D. Cal. Mar. 22, 2021) (finding that the ALJ's "failure to apply the standard set forth in SSR 13-2p for determining the materiality of DAA in the case of mental impairment was legal error and prejudicial.").

***The ALJ's errors were not harmless.*** The ALJ's failure to properly evaluate Plaintiff's DAA was not harmless, as it infected the entirety of the ALJ's assessment and conclusion. *See J.N. v. Kijakazi*, No. 21-CV-03736-JCS, 2023 WL 2699979, at *10 (N.D. Cal. Mar. 28, 2023) ("The ALJ's failure to address SSR 13-2p is far from harmless."); *Albert B.*, 2023 WL 6462856, at *5 ("The ALJ's failure to address SSR 13-2p was ultimately not harmless, because his lack of explanation for his materiality determination and erroneous analysis . . . applied an incorrect legal standard and resulted in factual findings that are unsupported by 'substantial evidence.'"). Because the ALJ failed to conduct the proper analysis, he also failed to "provide sufficient information . . . that explains the rationale supporting [his] determination of the materiality of DAA so that a subsequent reviewer considering all of the evidence in the case record is able to understand the basis for the materiality finding and the determination of whether the claimant is disabled." SSR 13-2p, 2013 WL 621536, at *2.

The ALJ's decision is reversed accordingly. Because this basis is sufficient for remand, the Court declines to reach Plaintiff's additional grounds without deciding their merits. *See J. C.-H. v. King*, No. 25-CV-01522-AMO, 2026 WL 673581, at *5 (N.D. Cal. Mar. 10, 2026); *Pittaluga v. Comm'r of Soc. Sec.*, No. 18-CV-03067-VC, 2019 WL 2897849, at *2 (N.D. Cal. July 5, 2019).

***Further administrative proceedings are needed.*** When a court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for

---

[2] Because the ALJ's Listing and RFC assessments were based on these improper analyses, the ALJ's Listing and RFC analyses were not supported by substantial evidence. *See Esslinger*, 479 F. App'x at 60.

additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A court should only remand for an immediate reward of benefits if: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* at 593. Outstanding issues must be resolved here—namely, the appropriate DAA analysis must be conducted. This case is therefore remanded to the ALJ for further consideration.

***Conclusion.*** For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**, the Commissioner's cross-motion for summary judgment is **DENIED**, and the decision of the Commissioner is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this order. On remand, the ALJ may reopen the administrative record and accept any additional evidence as appropriate.

**IT IS SO ORDERED.**

Dated: September 30, 2026

RITA F. LIN
United States District Judge